# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **NATIONAL RIFLE ASSOCIATION OF AMERICA,** § § § **Plaintiff and Counter-Defendant** § § **and** § § **WAYNE LAPIERRE,** § § **Third-Party Defendant** § § **v.** § § **ACKERMAN MCQUEEN, INC.,** § § **Defendant and Counter-Plaintiff** § § **and** § § **MERCURY GROUP, INC., HENRY MARTIN, WILLIAM WINKLER, MELANIE MONTGOMERY, AND JESSE GREENBERG,** § § **Defendants.** § | Miscellaneous Case No. MC-20-8-PRW _____ |

## MOTION TO QUASH THIRD-PARTY SUBPOENA

Non-party, HBC CPAs & Advisors ("HBC CPAs") hereby moves to quash the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena"), which was issued on June 22, 2020, by Plaintiff and Counter-Defendant National Rifle Association of America ("NRA") to HBC CPAs, a copy of which is attached hereto as Exhibit l.

---

**MOTION TO QUASH THIRD- PARTY SUBPOENA**                                          **PAGE 1**

This instant action arises out of a multi-district dispute between NRA and its longtime public-relations firm, Ackerman McQueen, Inc. The Subpoena was issued by NRA in *NRA v. Ackerman McQueen, Inc., et al*, Case No. 3:19-cv-02074-G, in the United States District Court for the Northern District of Texas, Dallas Division.

The Subpoena: 1) fails to allow a reasonable time comply; 2) subjects HBC CPAs to a broad range of documents that imposes an undue burden on it; and 3) requires documents that are a trade secret, or protected commercial information. For these reasons, HBC CPAs requests that the Court quash the subpoena in its entirety,

## ARGUMENTS & AUTHORITIES

1. Rule 45 requires the Court to quash or modify a subpoena that (i) fails to allow a reasonable time to comply; (ii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iii) subjects a person to undue burden. FED. R. CIV. P. 45(d)(3)(A).

2. The Court may also quash or modify a subpoena that requires disclosure of a trade secret or other confidential research, development, or commercial information. FED. R. CIV. P. 45(d)(3)(B)(i).

3. In *Parker v. Four Seasons Hotels, Ltd.*, 291 F.R.D. 181 (N.D. Ill. 2013), the court identified the critical importance of the status of a non-party in determining whether the burden imposed by a subpoena is undue. *Id.* at 188. The court stated that while parties must accept the burdens of litigation, non-parties have different expectations. *Id*. The court went on to state that in determining whether the recipient of a subpoena is being subjected to undue burden, courts consider a number of factors, including the

person's status as a non-party, the relevance of the discovery sought, the subpoenaing party's need for the documents, the breadth of the request and the burden imposed on the subpoenaed party. *Id.*

**The Subpoena fails to allow a reasonable time to comply.**

1. The Subpoena fails to allow reasonable time for compliance. HBC CPAs have a busy tax and audit practice. The federal and state of Oklahoma income tax filing deadline is July 15, 2020. From now until October 15, 2020 (the state and federal tax extension deadline), HBC CPAs will be immersed in preparing taxes. The Subpoena's production deadline of July 22, 2020 is unreasonable.

**The Subpoena subjects HBC CPAs' to undue burden.**

1. NRA's Definition No. 2 for "related to" is overly broad and could be interpreted to include the tax returns of all persons defined as "AMc" in NRA's Definition No. 1.
2. NRA's Document Request No. 2 states "All documents that refer or relate to communications with AMc clients, to whom invoice audit confirmation letters were sent by You." HBC CPAs does not in the normal course of business maintain a database of documents that "…refer or relate to communications." HBC CPAs would require hundreds of hours of review to identify communications that refer or relate to the subject matter.
3. NRA's Definition No. 5 seeks documents dated January 1, 2015 and later. This definition is ambiguous and unduly burdensome since that definition would include

2014 audit working papers which may have been removed in accordance with HBC CPAs archiving policies since 5 years from issue date was April 30, 2020.

**The Subpoena seeks documents that are a trade secret, or protected commercial information.**

4. The Subpoena requires disclosure of HBC CPAs' trade secret and proprietary methods and practices. NRA's Document Request No. 3 states "All documents sufficient to show method for selecting which AMC customers would receive invoice audit confirmation letters, sent by You." The method NRA seeks is an HBC CPAs proprietary method and therefor may be quashed or modified.

5. NRA's Document Request No. 4 states "All documents that refer or relate to communications between You and AMC regarding the NRA." This request would require HBC CPAs' legal representation letters sent and received to AMc attorneys that may be subject to attorney client privilege work product

### CONCLUSION

For the foregoing reasons, HBC CPAs respectfully request this Court grant its Motion; quash the subpoena against it; and grant it any further relief, at law or in equity, to which it may be justly entitled.

Dated: July 6, 2020

Respectfully submitted,

/s/ Gary David Quinnett
Gary David Quinnett, OBA No.14603
Attorney for HBC CPAs & Advisors
2932 NW 122nd Street, Suite A
Oklahoma City, OK 73120
Telephone:  (405) 312-1331
Facsimile:  (866) 728-0676
E-mail:  gary@gq-law.com

### CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2020, I filed the foregoing document with the clerk of court for the U.S. District Court, Western District of Oklahoma. I hereby certify that I shall also cause the document to be served by private process server on counsel for the NRA at:

Allessandra P. Allegretto
1717 Main Street, Suite 5900
Dallas, TX 75201

s/ Gary David Quinnett
Gary David Quinnett, OBA No.14603
Attorney for HBC CPAs & Advisors
2932 NW 122nd Street, Suite A
Oklahoma City, OK 73120
Telephone:  (405) 312-1331
Facsimile:  (866) 728-0676
E-mail:  gary@gq-law.com